IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOM REEVES,

    Plaintiff,

v.

U.S. BUREAU OF LAND MANAGEMENT,

    Defendant.

No._____

## COMPLAINT FOR
## PREMISES LIABILITY, NEGLIGENCE, AND PERSONAL INJURIES

Pursuant to Fed. R. Civ. P. 3, Plaintiff Tom Reeves, by and through his attorneys The Law Offices of Cameron & Russell (Bill Russell, Esq.) and Andy Ray Law, LLC (Andy Ray, esq.) commence this civil action by filing this Complaint for Premises Liability, Negligence, Negligence *Per Se* and Personal Injuries in the United States District Court for the District of New Mexico.

### INTRODUCTION

This action arises under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2671 et seq., against the Bureau of Land Management (BLM) for premises liability, negligence, and *negligence per se*. The United States represents that Defendant U.S. Bureau of Land Management (BLM) was responsible for the construction of and the operations and maintenance services at the Organ Mountains-Desert Peaks National Monument, where a dangerous condition of the Aguirre Spring Campground picnic area caused Tom Reeves to suffer injuries and damages.

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Tom Reeves resides in Bellevue, Washington.

2.   This court has jurisdiction over the Defendant because the acts or omissions that are the subject of this complaint occurred in Doña Ana County, New Mexico, and caused injury to Tom Reeves in Doña Ana County, New Mexico.

3.   The U.S. District Court has exclusive subject matter jurisdiction for civil actions on claims against the U.S. Bureau of Land Management (Hereinafter "BLM") for money damages and personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of their office or employment pursuant to 28 USC § 1346(b).

4.   Venue is proper in the US District Court of the District of New Mexico because any civil action on a tort claim against the BLM under 28 USC § 1346(b) may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred under 28 USC § 1402(b).

5.   As to Defendant BLM, jurisdiction and venue are also proper in this Federal District Court for tort claims brought under 28 USC § 2674.

6.   Mr. Reeves presented his administrative claim to the U.S. Bureau of Land Management within two years of the incident that caused his personal injuries, and the U.S. Department of the Interior (DOI) sent an acknowledgment letter confirming they received a claim letter on September 27, 2023.

7.   The DOI Office of the Solicitor sent an acknowledgment letter confirming they received Standard Form 95 and a detailed administrative claim letter on March 1, 2024.

8.   The DOI Office of the Solicitor provided Plaintiff with a final decision denying his claims on the date above in Paragraph 7, giving rise to Plaintiff's right to bring a

formal request for reconsideration within six months, on August 26, 2024. Plaintiff sent his reconsideration request to the DOI. On August 30, 2024, Lisa Doehl confirmed receipt of the reconsideration supports.

9. On April 15, 2025, the new Attorney-Adviser advised that she could not access the links to the medical documents. Later that day, she acknowledged the receipt of the separately sent medical documents via electronic mail.

10. Then, on April 21, 2025, the Attorney-Adviser with the DOI provided Plaintiff with the final decision denying his claim for reconsideration, giving rise to the instant case pursuant to 28 USC § 2675(a).

## GENERAL FACTS

11. As set forth in this Complaint, and to be revealed through discovery and further shown at trial, the acts and omissions of the BLM constitute the negligent operation, construction, and maintenance of the Aguirre Spring Campground picnic area, resulting in premises liability, negligence, and negligence *per se*.

12. At all times relevant hereto, Defendant, BLM, owns, operates, improves, and maintains the Aguirre Spring Campground located within the Organ Mountains-Desert Peaks National Monument in Las Cruces, Doña Ana County, New Mexico 88011. The BLM originally improved the area and maintains the area regularly from time to time.

13. At all times relevant hereto, Plaintiff Reeves is an experienced backpacker, camper, and hiker.

14. In May 2023, Plaintiff Reeves traveled through the Southwestern United States with friends and hiking companions.

15. On May 12, 2023, at approximately 1:00 PM, Plaintiff Reeves engaged in a conversation with the campground host, Ms. McKinney Briske, at the Aguirre Spring Campground.

16. Ms. Briske told Plaintiff Reeves that the Aguirre Spring Campground is on BLM land and is an "improved" campground. This means the Campground is modified and maintained by Defendant BLM to accommodate a wide variety of hikers and visitors.

17. Later that afternoon, Plaintiff Reeves and his companions chose a campsite when Ms. Briske told them that their neighbors might be noisy and suggested they consider moving to Campsite #40.

18. Based on the suggestion of Ms. Briske, Plaintiff Reeves and his companions moved to Campsite #40.

19. After completing their setup, around 10:00 PM on the same day, Plaintiff Reeves and his companions retired to their respective tents for the night.

20. Plaintiff Reeves' tent was situated east of the picnic table where he was seated.

21. As Plaintiff Reeves rose from his seat and proceeded toward his tent, he lost his footing and fell from the "improved" site-constructed double ledges that compose part of the surrounding rock and concrete constructed terrain.

22. The double-drop begins approximately two feet from the east edge of the picnic table and has a combined drop of approximately 40 inches.



23. The double-ledge drop features an initial one-foot drop immediately followed by a further descent of approximately 2.4 feet on hard-packed, rocky terrain, sloping downward away from the picnic table.

24. After Plaintiff Reeves fell, he was aware that he had sustained a broken bone in his leg.

25. After assessing the remote location he was in, Plaintiff Reeves recognized that leaving the campgrounds on motorcycles would not be feasible.

26. Plaintiff Reeves waited until morning to inform his hiking companions about his injury in order to plan a solution to extricate himself.

27. In the morning, Plaintiff Reeves' hiking companions rented a vehicle to return to their injured friend and travel to the hospital.

28. At approximately 10:30 AM, Ms. Briske passed by the Plaintiff's campsite and observed that Plaintiff Reeves was walking with a noticeable limp.

29. Plaintiff Reeves informed Ms. Briske about his fall from the double-edged ledge, the injury to his leg, and that he was awaiting his hiking companions' return with a rental car so he could seek medical attention.

30. Although Plaintiff Reeves reported the incident to Ms. Briske, the camp host, she did not request Plaintiff's name or any additional details, nor did she take photographs or notes. Losing valuable information and failing to preserve evidence.

31. Later that day, Plaintiff Reeves presented to the Three Crosses Regional Hospital in Las Cruces, where it was confirmed that he had sustained a broken patella.

32. Upon Plaintiff Reeves' return to his home in Bellevue, Washington, he underwent an operation to repair his patella on May 19, 2023.

33. Since the operation, Plaintiff Reeves has experienced significant pain and difficulty walking, sitting, and sleeping.

34. Plaintiff Reeves has been undergoing rehabilitation to manage his pain and regain mobility.

35. The prognosis for a "full" recovery appears unlikely.

36. The Defendant's negligence and failure to maintain safe premises caused Plaintiff Reeves to sustain injuries and suffer damages.

37. As a direct result of Defendant's conduct, Plaintiff Reeves has suffered and continues to suffer significant damages. These damages include both past and future medical expenses incurred for treatment and care, as well as substantial pain and suffering endured since the incident. Plaintiff has also experienced severe mental anguish and emotional distress, along with a diminished loss of enjoyment of life that has fundamentally altered their daily existence. The injuries have impaired Plaintiff's ability to earn income, resulting in a loss of earning capacity that will affect their financial well-being for years to come. Additionally, Plaintiff has been burdened with considerable inconvenience and lost time due to medical appointments, treatments,

and recovery periods. The incident has also required Plaintiff to incur various out-of-pocket expenses beyond medical costs, along with other recoverable damages that flow naturally from Defendant's wrongful conduct.

## COUNT I – PREMISES LIABILITY

38. As set forth in this Complaint, or as may be revealed through discovery or shown at trial, the acts and omissions of the BLM constitute the negligent operation and maintenance of the Aguirre Spring Campground in Organ Mountains-Desert Peaks National Monument.

39. Defendant BLM had a duty to exercise ordinary care to keep the campgrounds safe for use by visitors, including Plaintiff Reeves.

40. Defendant had a duty to exercise reasonable care to ensure the safety of visitors, particularly in areas with natural hazards such as ledges. This duty included routine safety inspections, accurate and proper recording and reporting of injuries, proper maintenance of walkways, and implementing and maintaining safety measures like fencing or barriers around the ledges. Additionally, Defendant was responsible for providing clear and visible warnings about any existing dangerous conditions, especially those related to proximity to ledges and fall hazards.

41. Defendant breached their duty to exercise ordinary care to keep the campsite safe for use by visitors, including Plaintiff Reeves.

42. Defendant's negligent conduct was a cause of the injuries and damages suffered by Plaintiff Reeves.

43. The Defendants' acts, omissions, and/or failures that caused Plaintiff Reeves' injuries and damages were committed with careless, wanton, and willful disregard for the

safety of visitors to the Aguirre Spring Campground at Organ Mountains-Desert Peaks National Monument.

44. Defendant BLM is liable to Plaintiff Reeves for actual damages, plus costs.

## COUNT II – NEGLIGENCE

45. As set forth in this Complaint, or as may be revealed through discovery or shown at trial, the acts and omissions of Defendant BLM constitute negligence.

46. Defendant breached their duty of ordinary care in the way they delegated or failed to delegate authority and responsibility to perform the inspection, maintenance, and repair of the Aguirre Spring Campground.

47. Defendant breached their duty of ordinary care to determine who was responsible for the operation and maintenance of the Aguirre Spring Campground.

48. Defendant breached their duty of ordinary care to retain, train, and supervise the employees responsible for the operation and maintenance of the Aguirre Spring Campground

49. The Defendant's acts, omissions, and/or failures that caused Plaintiff Reeves' injuries and damages were committed with careless, wanton, and willful disregard for the safety of visitors to the Aguirre Spring Campground.

50. Defendant BLM is liable to Plaintiff Reeves for actual damages, plus costs.

## COUNT III – NEGLIGENT DESIGN and CONSTRUCTION

51. Defendant BLM, in its ownership, operation, and maintenance of the Aguirre Spring Campground, had a duty to exercise reasonable care in the design and construction of the campground premises, including but not limited to the layout and construction of campsites and surrounding terrain, to ensure that such design did not create

foreseeable and unreasonable risks of harm to visitors like Plaintiff Reeves. This duty included, but was not limited to, appropriately designing and constructing campsites in relation to natural features such as ledges and incorporating necessary safety features to mitigate potential hazards arising from changes in elevation.

52. Defendant BLM breached its duty of reasonable care in the design of Campsite #40 and the surrounding area. This negligent design included, but was not limited to:

   a) The creation of a sudden and unexpected double-ledge drop-off immediately adjacent to the picnic table at Campsite #40, creating a tripping hazard;

   b) Failing to incorporate adequate safety measures to warn visitors of or protect them from the hazard posed by the double-ledge drop-off, through the use of guardrails, barriers, or adequate lighting and signage, etc.;

   c) Designing the campsite layout in a manner that foreseeably required or encouraged visitors to traverse the area immediately adjacent to the hazardous double-ledge drop-off when moving between the picnic table and other areas of the campsite, such as the tent location; and

   d) Failing to adhere to reasonably prudent engineering and safety standards in the design of the campground and campsites, particularly in relation to changes in elevation and potential fall hazards.

53. As a direct and proximate result of the Defendant BLM's negligent design and construction of Campsite #40 and the surrounding area, Plaintiff Reeves fell from the double ledges and sustained severe injuries and damages.

54. The Defendant's acts, omissions, and/or failures in the negligent design and construction of the Aguirre Spring Campground that caused Plaintiff Reeves' injuries

and damages were committed with careless disregard for the safety of visitors to the Aguirre Spring Campground.

55. Defendant BLM is liable to Plaintiff Reeves for actual damages plus costs, as a direct and proximate result of its negligent design of the campground premises.

### COUNT IV – *NEGLIGENCE PER SE*

56. As set forth in this Complaint, or as may be revealed through discovery or shown at trial, the acts and omissions of Defendant BLM constitute negligence *per se*.

57. The Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.) and its implementing regulations, including the ADA Standards for Accessible Design (28 CFR Part 36, Appendix A), impose specific duties of care to ensure that public accommodations and services, including recreational facilities operated by federal entities like the BLM, are accessible to individuals with disabilities. These duties are distinct from the general duty of ordinary care in common law negligence.

58. The Rehabilitation Act of 1973 (29 U.S.C. § 794) also prohibits discrimination on the basis of disability in programs conducted by federal agencies.

59. The area at Campsite #40 of the Aguirre Spring Campground, where Plaintiff Reeves fell, specifically the terrain immediately adjacent to the picnic table and leading towards his tent, constituted part of a recreational facility that was required to be accessible to individuals with disabilities under the ADA. (See images on last 2 pages.)

60. The double-ledge drop-off immediately adjacent to the picnic table at Campsite #40, with its approximately one-foot initial drop followed by a further descent to approximately 2.4 feet onto hard-packed, rocky terrain, presented a significant change in level that impeded accessible paths of travel within the campsite. While Section

F244 of the 2010 ADA Standards for Accessible Design acknowledges that fully compliant accessible routes may not always be feasible in outdoor recreation areas with natural terrain, it still requires accessible paths of travel to be provided to the extent practicable. The sudden and substantial change in elevations at the edge of the picnic area, without ramps, curb ramps, or other means to facilitate accessible movement, failed to provide a reasonably accessible path of travel to and around a key feature of the campsite, i.e., a covered picnic table on a concrete pad with prepared tent sites on two sides and parking. This lack of an accessible transition created an unnecessary barrier for individuals with disabilities, including those with mobility impairments beyond wheelchair use, hindering their ability to fully utilize the campsite.

61. Defendant BLM had a duty to design, construct, and maintain the Aguirre Spring Campground, including Campsite #40 and the area around the picnic table, in compliance with the accessibility standards mandated by the ADA and its



implementing regulations.

62. Defendant BLM breached the standards of care imposed by the ADA and other widely recognized governmental and industry design, construction, maintenance, inspection, accident reporting standards, and its implementing regulations by designing, constructing, and/or maintaining Campsite #40 with the aforementioned hazardous double-ledge drop-off that failed to provide accessible routes and safe transitions for individuals.

63. As a direct and proximate result of Defendant BLM's failure to comply with the accessibility standards of the ADA, Plaintiff Reeves, while traversing the area adjacent to the picnic table, encountered an unsafe and inaccessible change in level, causing him to lose his footing and fall, thereby sustaining severe injuries and damages.

64. Plaintiff Reeves, as an elderly visitor to a public recreational facility operated by a federal entity, was owed a duty of reasonable care to ensure the premises were maintained in a safe condition. The injuries he sustained are the type of harm that property owners and operators have a responsibility to prevent for all visitors, particularly those who may be more vulnerable due to age or physical condition.

65. As a direct and proximate result of Defendant BLM's violation of the Americans with Disabilities Act and its implementing regulations, Plaintiff Reeves suffered severe injuries and damages.

66. Defendant BLM is liable to Plaintiff Reeves for actual damages, plus costs, as a direct and proximate result of its violation of federal disability laws.

## RULE 8(A)(3) REQUEST FOR RELIEF

WHEREFORE, Plaintiff Reeves respectfully requests that this honorable United States District Court for the District of New Mexico award actual damages in amounts to be proven at trial against Defendant BLM.

## JURY DEMAND RULE 38(B)

Pursuant to Fed. R. Civ. P. 38(B) to Plaintiff respectfully demands a jury on all issues so triable.

Respectfully submitted,

**LAW OFFICES OF BILL RUSSELL**

/s/ *Bill Russell*
Bill Russell
6311 Montano Rd NW
Albuquerque, NM 87120
Telephone: (505) 218-7844
Email: bill@crlawnm.com


and

Andy Ray Law, LLC
P.O. Box 640
Tijeras, NM 87059
Phone: (505) 847-3300
Fax: (505) 847-3360
Email: andy@andyraylaw.com

*Attorneys for Plaintiff Tom Reeves*